IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

HAZEL CHRISTINA MCGINTY and : 
THOMAS PATTEN MCGINTY, JR., :
:
    Plaintiffs, :
: Civil Action No.
v. : 7:10-cv-139 (HL)
:
RICHARD DUNN, et al., :
:
    Defendants. :
_____:

## ORDER

    The Plaintiffs, husband and wife, Hazel and Thomas McGinty ("the McGintys") filed this complaint on November 29, 2010. The complaint alleges the following: Hazel McGinty incurred injuries as a result of a car accident caused by the negligence of Defendant Richard Dunn. Richard Dunn was employed by the Defendants The Noland Company and Winwholesale, Inc. and was acting within the scope of his employment at the time of the accident. The vehicle Richard Dunn was driving was owned by The Noland Company and Winwholesale, Inc. The Defendant Travelers Property Casualty Company of America insured the vehicle. Thomas McGinty, who was not involved in the accident, suffered the loss of his wife's affection, care, and consortium, and suffered other physical and mental pain and suffering. He also was admitted to the hospital for care because Hazel McGinty was not able to care for him due to her own injuries sustained in the accident.

    Consistent with this Court's responsibility to examine the subject matter

jurisdiction of the cases that come before it, the Court has reviewed the complaint to determine whether the diversity jurisdictional requirements in this case have been satisfied. See Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000) (requiring that a district court must always answer the question of whether it has subject matter jurisdiction to hear a case, even if no party raises the question of jurisdiction by motion). Diversity jurisdiction is present when the dispute is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

Having concluded that the requirements have not been satisfied, the Court orders the McGintys to come forward with evidence showing that diversity jurisdiction is present.

I.  **DIVERSITY OF CITIZENSHIP**

A party must distinctly and affirmatively plead citizenship. Tucker v. Thomasville Toyota, 623 F. Supp. 2d 1378, 1380 (M.D. Ga. 2008) (citations omitted). A complaint merely alleging residency, as opposed to state citizenship or domicile, may be insufficient to invoke diversity jurisdiction. Id. at 1381 (citations omitted). This is because domicile is not always the same as residence, as a person may reside in one place but be domiciled elsewhere. Id. A corporation may have two states of citizenship, one being where it is incorporated and the other being where its principal place of business is. See 28 U.S.C. § 1332(c)(1) (explaining a corporation is a citizen of the state where it is incorporated and where it has its

principal place of business).

Here, the McGintys have failed to properly plead the citizenships of all parties. They have alleged that they reside in Florida, but have not alleged that they are citizens of or domiciled in Florida. They have also alleged the principal places of business for each Defendant corporation, but have not alleged where the Defendants are incorporated. Accordingly, the Plaintiffs are ordered to file with this Court, no later than December 10, 2010, evidence of the parties' citizenships.

## II.     AMOUNT IN CONTROVERSY

The McGintys' complaint states that their claims are for more than $75,000. However, the only allegations regarding the damages they suffered are: (1) medical expenses for Hazel McGinty to date totaling $7,186.85; (2) general damages including physical and mental pain and suffering damages in amount to be determined by the jury; (3) damages for Thomas McGinty for the loss of services and companionship of his wife of an unspecified amount; (4) damages of an unspecified amount for Thomas McGinty because he was admitted into the hospital when his wife could no longer care for him; (5) lost wages of an unspecified amount; and (6) other pocket expenses and consequential damages of an unspecified amount.

Generally, the court should defer to the value the plaintiff places on his claim. Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003). Ordinarily, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Id. at 807 (citation omitted).

"However, where jurisdiction is based on a claim for indeterminate damages, the Red Cab Co. 'legal certainty' test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." Id. Indeterminate damages are those that are not given a dollar amount. Id. ("McKinnon did not and has not placed any dollar amount on the various damages it is seeking under its bad faith claim. Therefore, the damages McKinnon prays for under the bad faith claim are indeterminate.").

To prove damages by the preponderance of the evidence the party seeking federal jurisdiction must do more than conclusorily assert that the amount in controversy exceeds $75,000. Failure to quantify the amount of loss can constitute speculation, which is insufficient to satisfy the plaintiff's burden. Bradley v. Kelly Services, Inc., 224 Fed. App'x 893, 895 (11th Cir. 2007).

In this case, the McGintys are asking for an indeterminate amount in damages because, except for medical expenses totaling approximately $7,000, they have not placed a dollar value on any of their claims. Thus, it is now incumbent upon them to come forward with evidence sufficient to show by a preponderance of the evidence that their claims meet the jurisdictional minimum.

To show the damages they have suffered, the McGintys are to present evidence on the amount of their claimed damages for their claims. If they fail to support their claims with evidence on the amount of the damages, the complaint will

4

be dismissed for lack of jurisdiction.[1]

Accordingly, the McGintys are ordered to file with this Court, no later than December 10, 2010, evidence sufficient to show by a preponderance of the evidence that their claims exceed $75,000. The McGintys shall file a brief with exhibits. The Defendants have until December 22, 2010, to respond. If the McGintys wish to file a reply, then they must seek the Court's permission to do so. The Court's Rules 16/26 Order will not issue until the Court determines it has subject matter jurisdiction over the case.

**SO ORDERED**, this the 30th day of November, 2010.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc

---

[1] Sometimes the allegations in a complaint for indeterminate damages facially establish the jurisdictional requirements. In those cases, a Court relies on its judicial experience and common sense to determine that the claims satisfy the amount in controversy requirement. Roe v. Michelin N. Am., Inc., 613 F.3d 1064 (11th Cir. 2010). In this case, however, the allegations in the complaint lead the Court nowhere. Besides making conclusory allegations that Hazel McGinty was severely and permanently injured, the complaint makes no specific factual allegations regarding the nature of her injuries. The complaint also makes no factual allegations regarding Thomas McGinty's hospital stay. To estimate the amount of damages would be to engage in speculation. Thus, the Court is providing the McGintys an opportunity to support their claims with facts showing that the amount in controversy exceeds $75,000.